## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MAIRA ORTIZ,         )
             )
      Plaintiff,    )
             )
v.            )   Case No.  21-cv-2316
             )
BANK OF LABOR,      )
             )
      Defendant.   )
_____)

## COMPLAINT

The plaintiff, Maira Ortiz, states and alleges the following claims for relief against the defendant, Bank of Labor.

## JURISDICTION AND VENUE

1.  This is an employment case based on, and arising under, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Americans with Disabilities Act ("ADA").

2.  This court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331.  The plaintiff's claims were included in a timely administrative charge filed with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a right-to-sue letter to the plaintiff regarding these claims, and this action was filed within 90 days after receipt of the right-to-sue letter by the plaintiff.

3.  All of the wrongful acts and practices alleged below were committed within the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c).

## PARTIES

4.      The plaintiff, Maira Ortiz, is a female and Hispanic.  She resides in Kansas City, Kansas.  Ms. Ortiz was formerly employed by the defendant.

5.      The defendant, Bank of Labor ("the Bank"), is a banking institution with its principal place of business in Kansas City, Kansas.

## FACTUAL ALLEGATIONS

6.      In May of 2018, Ms. Ortiz was hired by the Bank as a Bilingual Universal Banker. In the early fall of 2019, she advised the Bank, and her supervisors, that she was pregnant. At this point in time, she was working in a branch of the Bank which is located in a gas station.

7.      Also in the early fall of 2019, Ms. Ortiz asked her branch supervisor, Charlotte Hayes, for permission to use the bathroom in the McDonald's next door to the Bank branch. Ms. Ortiz explained that because she was pregnant, she had to use the bathroom frequently, and the bathroom in the gas station was filthy.  Ms. Hayes denied Ms. Ortiz's request to use the bathroom in the McDonald's next door.

8.      Ms. Ortiz's duties in the Bank branch included counting the cash in the vault. Her shift ended at 3:45 p.m.

9.      On November 1, 2019, around 3:30 p.m., Ms. Ortiz counted the cash in the vault with another employee, and they both signed a sheet stating the amount of cash in the vault. When Ms. Ortiz went to enter the cash amount in the computer, there was a $25.00 discrepancy. She asked the other Bank tellers if there were any missing cash receipts, but the other tellers did not have any receipts.

10.     Ms. Ortiz then decided that she had made a mistake in counting the cash in the vault. Consequently, she white-outed the original cash amount on the sheet, and entered another amount which was $25.00 less than the original amount.  Ms. Ortiz then left work at 3:45 p.m.

11.     Around 5:00 p.m. on the same day, Ms. Hayes counted the cash in her drawer, and found that it had an overage of $25.00.  There was an overage because she had forgotten to fill out a cash receipt for $25.00 worth of pennies which she had taken from the vault earlier in the day. Consequently, she filled out a cash receipt for $25.00, and then gave the receipt to another employee, who was counting the cash in the vault at the end of the work day.  With the receipt from Ms. Hayes, the cash in the vault balanced.

12.     On November 18, 2019, Ms. Ortiz was terminated from her employment by the branch manager, Mary Moulin, for violating Bank policies and procedures on November 1, 2019. However, Ms. Hayes was not terminated from her employment, even though she had similarly violated Bank policies and procedures on November 1.

## COUNT I:  DISABILITY DISCRIMINATION

13.     The above paragraphs 1-12 are incorporated herein by reference.

14.     Ms. Ortiz was a qualified individual with a disability (pregnancy) in the fall of 2019, and she was protected by the ADA.

15.     In violation of the ADA, the Bank (through Ms. Hayes) refused to grant Ms. Ortiz's request for a reasonable accommodation, specifically, Ms. Ortiz's request for permission to use the bathroom in the McDonald's next door to the Bank branch.

16.     As a result of the Bank's refusal to grant Ms. Ortiz's request for a reasonable accommodation, she has suffered damages in the form of emotional distress, mental anguish, and loss of enjoyment of life.

17.     In refusing to grant Ms. Ortiz's request for a reasonable accommodation, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

Wherefore, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of emotional distress, mental anguish, loss of enjoyment of life, and punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

## COUNT II:  SEX DISCRIMINATION

18.     The above paragraphs 1-17 are incorporated herein by reference.

19.     Ms. Ortiz was protected by Title VII from discrimination based upon her sex and pregnancy.

20.     In violation of Title VII, the Bank discriminated against Ms. Ortiz because of her sex and pregnancy by terminating her from her employment. Specifically, the Bank treated Ms. Ortiz less favorably than other non-pregnant employees, including Ms. Hayes, under similar circumstances.

21.     As a result of the Bank's discriminatory termination of Ms. Ortiz, she has suffered damages in the form of loss of past and future income and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

22.     In discriminating against Ms. Ortiz because of her sex and pregnancy, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

Wherefore, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of loss of past and future income and benefits, emotional distress, mental

anguish, loss of enjoyment of life, punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

### COUNT III:  ANCESTRY/NATIONAL ORIGIN DISCRIMINATION

23.     The above paragraphs 1-17 are incorporated herein by reference.

24.     Ms. Ortiz was protected by Title VII from discrimination based on her ancestry and/or national origin.

25.     In violation of Title VII, the Bank discriminated against Ms. Ortiz because of her ancestry/national origin by terminating her from her employment. Specifically, the Bank treated Ms. Ortiz less favorably than other non-Hispanic employees, including Ms. Hayes, under similar circumstances.

26.     As a result of the Bank's discriminatory termination of Ms. Ortiz, she has suffered damages in the form of loss of past and future income and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

27.     In discriminating against Ms. Ortiz because of her ancestry/national origin, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

WHEREFORE, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of loss of past and future income and benefits, emotional distress, mental anguish, loss of enjoyment of life, punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: <u>s/ Alan V. Johnson</u>
       Alan V. Johnson, KS #9992
       ajohnson@sloanlawfirm.com
       534 South Kansas Avenue, Suite 1000
       Topeka, Kansas  66603-3456
       785-357-6311
       785-357-0152 facsimile
       Attorneys for Plaintiff

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:  s/ Alan V. Johnson
Alan V. Johnson, KS #9992
ajohnson@sloanlawfirm.com
534 South Kansas Avenue, Suite 1000
Topeka, Kansas  66603-3456
785-357-6311
785-357-0152 facsimile
Attorneys for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

The plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: s/ Alan V. Johnson
       Alan V. Johnson, KS #9992
       ajohnson@sloanlawfirm.com
       534 South Kansas Avenue, Suite 1000
       Topeka, Kansas  66603-3456
       785-357-6311
       785-357-0152 facsimile
       Attorneys for Plaintiff