IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAIRA ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-2316-JAR-KGG |
| | ) |
| BANK OF LABOR, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Bank of Labor ("BOL" or "Defendant") provides the following Answer to Plaintiff Maira Ortiz's ("Plaintiff") Complaint.

## JURISDICTION AND VENUE

1. This is an employment case based on, and arising under, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Americans with Disabilities Act ("ADA").

> **ANSWER:** BOL admits that Plaintiff has alleged claims under Title VII and the ADA but denies any discriminatory conduct occurred. BOL further denies all remaining allegations in Paragraph 1.

2. This court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331. The plaintiff's claims were included in a timely administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter to the plaintiff regarding these claims, and this action was filed within 90 days after receipt of the right-to-sue letter by the plaintiff.

> **ANSWER:** BOL admits that the EEOC sent Plaintiff a letter dated April 19, 2021. BOL denies that this action was filed within 90 days of the date of the EEOC's letter. The remaining allegations in Paragraph 2 contain legal conclusions that do not require a response. To the extent a response is required, BOL denies any discriminatory conduct occurred. BOL further denies all remaining allegations in Paragraph 2.

3. All of the wrongful acts and practices alleged below were committed within the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c).

**ANSWER:** Paragraph 3 contains legal conclusions that do not require a response. To the extent a response is required, BOL denies any discriminatory conduct occurred. BOL further denies all remaining allegations in Paragraph 3.

## PARTIES

4. The plaintiff, Maira Ortiz, is a female and Hispanic. She resides in Kansas City, Kansas. Ms. Ortiz was formerly employed by the defendant.

**ANSWER:** BOL admits that Plaintiff is a former BOL employee. BOL is without sufficient information to admit or deny the remaining allegations in Paragraph 4 and therefor denies the same.

5. The defendant, Bank of Labor ("the Bank"), is a banking institution with its principal place of business in Kansas City, Kansas.

**ANSWER:** Admitted.

## FACTUAL ALLEGATIONS

6. In May of 2018, Ms. Ortiz was hired by the Bank as a Bilingual Universal Banker. In the early fall of 2019, she advised the Bank, and her supervisors, that she was pregnant. At this point in time, she was working in a branch of the Bank which is located in a gas station.

**ANSWER:** BOL admits that Plaintiff was hired in May 2018 in the Universal Banker 1 Bilingual role. BOL admits that from January 2019 through the termination of her employment, Plaintiff was located at BOL's Shawnee Drive location, which shares a building with a 7-Eleven store. BOL admits that Plaintiff notified BOL of her pregnancy in late September 2019. BOL denies all remaining allegations in Paragraph 6.

7. Also in the early fall of 2019, Ms. Ortiz asked her branch supervisor, Charlotte Hayes, for permission to use the bathroom in the McDonald's next door to the Bank branch. Ms. Ortiz explained that because she was pregnant, she had to use the bathroom frequently, and the

bathroom in the gas station was filthy. Ms. Hayes denied Ms. Ortiz's request to use the bathroom in the McDonald's next door.

> **ANSWER:** **Denied.**

8. Ms. Ortiz's duties in the Bank branch included counting the cash in the vault. Her shift ended at 3:45 p.m.

> **ANSWER:** **BOL admits that it was one of Plaintiff's responsibilities to count the cash in the vault under dual control. BOL denies all remaining allegations in Paragraph 8.**

9. On November 1, 2019, around 3:30 p.m., Ms. Ortiz counted the cash in the vault with another employee, and they both signed a sheet stating the amount of cash in the vault. When Ms. Ortiz went to enter the cash amount in the computer, there was a $25.00 discrepancy. She asked the other Bank tellers if there were any missing cash receipts, but the other tellers did not have any receipts.

> **ANSWER:** **BOL admits that it was one of Plaintiff's responsibilities to count the cash in the vault and sign off on the amount of cash in the vault under dual control. BOL admits that on November 1, 2019, Plaintiff discovered a $25.00 discrepancy in the amount recorded on the vault log compared to the amount in the vault. BOL denies all remaining allegations in Paragraph 9.**

10. Ms. Ortiz then decided that she had made a mistake in counting the cash in the vault. Consequently, she white-outed the original cash amount on the sheet, and entered another amount which was $25.00 less than the original amount. Ms. Ortiz then left work at 3:45 p.m.

> **ANSWER:** **BOL lacks sufficient information to either admit or deny what Plaintiff "decided" and therefore denies the same. BOL denies all remaining allegations in Paragraph 10.**

11. Around 5:00 p.m. on the same day, Ms. Hayes counted the cash in her drawer, and found that it had an overage of $25.00. There was an overage because she had forgotten to fill out a cash receipt for $25.00 worth of pennies which she had taken from the vault earlier in the day.

Consequently, she filled out a cash receipt for $25.00, and then gave the receipt to another employee, who was counting the cash in the vault at the end of the work day. With the receipt from Ms. Hayes, the cash in the vault balanced.

> **ANSWER:** **BOL admits that Ms. Hayes had purchased $25.00 in pennies from the bank vault for her drawer and forgot to issue a ticket documenting the purchase. BOL further admits Ms. Hayes realized her mistake during that same shift and when Ms. Hayes went to remedy the mistake, she discovered that Plaintiff had forged the vault log. BOL denies all remaining allegations in Paragraph 11.**

12. On November 18, 2019, Ms. Ortiz was terminated from her employment by the branch manager, Mary Moulin, for violating Bank policies and procedures on November 1, 2019. However, Ms. Hayes was not terminated from her employment, even though she had similarly violated Bank policies and procedures on November 1.

> **ANSWER:** **BOL admits that Plaintiff's employment was terminated effective November 18, 2019 based on Plaintiff's violation of BOL's policies and procedures. BOL denies all remaining allegations in Paragraph 12.**

## COUNT I: DISABILITY DISCRIMINATION

13. The above paragraphs 1-12 are incorporated herein by reference.

> **ANSWER:** **Defendant hereby incorporates its answers to paragraphs 1 through 12 as if fully set forth herein.**

14. Ms. Ortiz was a qualified individual with a disability (pregnancy) in the fall of 2019, and she was protected by the ADA.

> **ANSWER:** **Paragraph 14 contains legal conclusions that do not required a response. To the extent a response is required, BOL denies all allegations in Paragraph 14.**

15. In violation of the ADA, the Bank (through Ms. Hayes) refused to grant Ms. Ortiz's request for a reasonable accommodation, specifically, Ms. Ortiz's request for permission to use the bathroom in the McDonald's next door to the Bank branch.

> **ANSWER:** **Denied.**

16. As a result of the Bank's refusal to grant Ms. Ortiz's request for a reasonable accommodation, she has suffered damages in the form of emotional distress, mental anguish, and loss of enjoyment of life.

**ANSWER:    Denied.**

17. In refusing to grant Ms. Ortiz's request for a reasonable accommodation, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

**ANSWER:    Denied.**

Wherefore, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of emotional distress, mental anguish, loss of enjoyment of life, and punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

**ANSWER:    Defendant denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.**

## COUNT II: SEX DISCRIMINATION

18. The above paragraphs 1-17 are incorporated herein by reference.

**ANSWER:    Defendant hereby incorporates its answers to paragraphs 1 through 17 as if fully set forth herein.**

19. Ms. Ortiz was protected by Title VII from discrimination based upon her sex and pregnancy.

**ANSWER:    Paragraph 19 contains legal conclusions that do not require a response. To the extent a response is required, BOL denies all allegations in Paragraph 19.**

20. In violation of Title VII, the Bank discriminated against Ms. Ortiz because of her sex and pregnancy by terminating her from her employment. Specifically, the Bank treated Ms. Ortiz less favorably than other non-pregnant employees, including Ms. Hayes, under similar circumstances.

**ANSWER:** Denied.

21. As a result of the Bank's discriminatory termination of Ms. Ortiz, she has suffered damages in the form of loss of past and future income and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

**ANSWER:** Denied.

22. In discriminating against Ms. Ortiz because of her sex and pregnancy, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

**ANSWER:** Denied.

Wherefore, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of loss of past and future income and benefits, emotional distress, mental anguish, loss of enjoyment of life, punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

**ANSWER:** Defendant denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.

<u><b>COUNT III: ANCESTRY/NATIONAL ORIGIN DISCRIMINATION</b></u>

23. The above paragraphs 1-17 *[sic]* are incorporated herein by reference.

**ANSWER:** Defendant hereby incorporates its answers to paragraphs 1 through 22 as if fully set forth herein.

24. Ms. Ortiz was protected by Title VII from discrimination based on her ancestry and/or national origin.

**ANSWER:** Paragraph 24 contains legal conclusions that do not require a response. To the extent a response is required, BOL denies all allegations in Paragraph 24.

25. In violation of Title VII, the Bank discriminated against Ms. Ortiz because of her ancestry/national origin by terminating her from her employment. Specifically, the Bank treated

Ms. Ortiz less favorably than other non-Hispanic employees, including Ms. Hayes, under similar circumstances.

**ANSWER:** **Denied.**

26. As a result of the Bank's discriminatory termination of Ms. Ortiz, she has suffered damages in the form of loss of past and future income and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

**ANSWER:** **Denied.**

27. In discriminating against Ms. Ortiz because of her ancestry/national origin, the Bank acted with malice or with reckless indifference to Ms. Ortiz's federally protected rights. Consequently, the Bank is liable for punitive damages.

**ANSWER:** **Denied.**

WHEREFORE, Ms. Ortiz prays for judgment against the Bank for damages in excess of $100,000.00, consisting of loss of past and future income and benefits, emotional distress, mental anguish, loss of enjoyment of life, punitive damages, plus attorney fees, prejudgment interest, and litigation costs.

**ANSWER:** **Defendant denies Plaintiff is entitled to any of the relief sought in this WHEREFORE paragraph.**

## ANSWER TO ALL ALLEGATIONS

BOL denies any and all allegations set forth in Plaintiff's Complaint unless specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted against Defendant.

2. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, waiver, and/or unclean hands.

3. Plaintiff's claims against Defendant are barred in whole or in part by the applicable regulatory filing periods and/or by the applicable statutes of limitations.

4. Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of any Charge of Discrimination and/or administrative complaint she timely filed, of which Defendant received proper notice and had an opportunity to respond, and/or to the extent Plaintiff failed to exhaust required administrative remedies.

5. Plaintiff's damages, the existence of which damages Defendant specifically denies, are subject to statutory damage limitations.

6. Plaintiff's damages, the existence of which damages Defendant specifically denies, may be barred or reduced, in whole or in part, by her failure to mitigate her damages, if any.

7. Plaintiff's damages, the existence of which damages Defendant specifically denies, were caused by Plaintiff's own conduct.

8. Upon information and belief, Plaintiff, in whole or in part, has failed to mitigate her damages. Additionally, Defendant is entitled to an offset for any mitigating income and benefits received by Plaintiff.

9. Plaintiff cannot establish a *prima facie* case of intentional, unlawful discrimination based on sex, including but not limited to that she cannot show her sex was a motivating factor in any adverse employment decision by Defendant.

10. Plaintiff cannot establish a *prima facie* case of intentional, unlawful discrimination based on national origin, including but not limited to that she cannot show her national origin was a motivating factor in any adverse employment decision by Defendant.

11. Plaintiff cannot establish a *prima facie* case of intentional, unlawful discrimination based on disability, including but not limited to that she cannot show she had a disability within the meaning of applicable law or that she was a qualified individual with a disability or that her alleged disability was a motivating factor in any adverse employment decision by Defendant.

12. Defendant's actions with respect to Plaintiff were non-discriminatory, non-harassing and non-pretextual; were based on legitimate reasons and carried out in the good faith exercise of Defendant's reasonable business judgment; were not based on Plaintiff's sex, alleged disability, and/or national origin; and were carried out/would have been carried out regardless of any protected status.

13. Defendant is an equal opportunity employer that does not discriminate against applicants or employees on any prohibited basis.

14. Defendant is not liable for any alleged discrimination, the existence of which Defendant denies, because Defendant promulgated and disseminated appropriate company policies prohibiting discrimination and had measures in place to prevent and/or correct discrimination and Plaintiff failed to avail herself of such measures.

15. Plaintiff is not entitled to recover any liquidated, exemplary, or punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any law for such damages, because Defendant adopted policies and practices in support of its non-discrimination/anti-harassment obligations and in good faith attempted to comply with those obligations, and because any employee(s) of Defendant who engaged in the conduct alleged, the existence of which conduct Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

16. Any prayer by Plaintiff for punitive damages violates the 8th and 14th Amendments to the United States Constitution.

17. Defendant denies any of its employees or agents acting within the course and scope of their employment with it caused any harm, injury, or damage to Plaintiff.

18. Any injury to Plaintiff, the existence of which Defendant specifically denies, was not proximately caused by Defendant and was caused by Plaintiff and/or by third parties over whom Defendant had no control or who were acting outside the course and scope of their employment with Defendant, and who were not acting in furtherance of Defendant's business. Consequently, Defendant is not liable for the alleged conduct.

19. Any alleged harm Plaintiff suffered, the existence of which harm Defendant specifically denies, was not reasonably foreseeable.

20. Defendant reserves the right to assert additional defenses as they become evident through discovery or investigation, including but not limited to the defense of after-acquired evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests this Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs, attorney's fees, and any additional relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Katherine T. Pearlstone*
Julianne P. Story            KS Bar No. 15227
Katherine Pearlstone         KS Bar No. 27657
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
julianne.story@huschblackwell.com
kat.pearlstone@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on the 27th day of August 2021, a copy of the above and foregoing was served via the Court's electronic (ECF) filing/notification system to:

Alan V. Johnson
Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC
534 South Kansas Avenue, Suite 1000
Topeka, Kansas 66603-3456
ajohnson@sloanlawfirm.com

**Attorneys for Plaintiff**

*/s/ Katherine T. Pearlstone*
**Attorney for Defendant**